**In the Matter of HA–LO INDUSTRIES, INC., Debtor,**

**HA2003 Liquidating Trust, Plaintiff**

v.

**J.P. Morgan Partners (SBIC), LLC f/k/a Chase Venture Capital Associates, L.P., et al., Defendants.**

**J.P. Morgan Partners (SBIC), LLC f/k/a Chase Venture Capital Associates, L.P., et al. Third–Party Plaintiffs**

v.

**John R. Kelley, Jr., et al., Third–Party Defendants.**

**Bankruptcy No. 02 B 12059.**
**Adversary No. 02 A 1601.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

June 3, 2005.

Leboeuf, Lamb, Greene & Macrae LLP, San Francisco, CA, Mark A. Berkoff, Rudnick & Wolfe, Chicago, IL, Neal L. Wolf, Todd L. Padnos, LeBoeuf, Lamb, Greene & MacRae, San Francisco, CA, for Debtor.

Brett J. Kitei, Deborah M. Gutfield, Piper Rudnick, Chicago, IL, Donald J. Detweiler Kathleen P. Makowski, Saul Ewing, LLP, Wilmington, DE, for Creditor Committee.

Robert D. Cheifetz, Claire P. Murphy, Sperling & Slater PC, Chicago, IL, for Plaintiff.

David E. Morrison, E., Gerald F. Munitz, Goldberg Kohn Bell Black Rosenbloom, Michael K. Desmond, James R. Figliulo, Foran & Schultz, Chicago, IL, Michael Graham, Geneva, IL, Peter A. Silverman, Figliulo & Silverman PC, Nicole S. Pakkala, Kevin D. Finger & Greenberg Traurig PC, Lisa Plunkett Conlon, Latham & Watkins LLP, Chicago, IL, for Defendants.

GCWF Investment Partners, pro se.

Thomas Furlong, pro se.

Thaddeus Stephens G., pro se.

Altheimer & Gray, pro se.

Silicon Valley Bank, pro se.

Bradley J. Schram, Monica Blacha, Winston & Strawn, Leigh D. Roadman, Robert S. Grabemann, Martin Brown & Sullivan Ltd., Michele Odorizzi, Mayer Brown & Platt, Sheri L. Drucker, Mayer Brown Rowe & Maw LLP, David C. Bohan, Jeffrey H. Bergman, Lowell E. Sachnoff, Myra A. Marcaurelle, Peter T. Berk, Sachnoff & Weaver Ltd., Samuel S. Cohen, Wildman Harrold Allen & Dixon LLP Chicago, IL, Bart T. Murphy, Wildman Harrold Allen & Dixon LLP, Lisle, IL, for Third–Party Defendants.

*MEMORANDUM OPINION ON MO-TIONS OF PLAINTIFF HA2003 LIQUIDATING TRUST AND THIRD–PARTY PLAINTIFFS J.P. MORGAN PARTNERS (SBIC), LLC ET AL. TO STRIKE THE JURY DEMANDS OF DEFENDANTS M. CATHERINE JAROS ET AL. AND THIRD–PARTY DEFENDANTS JOHN R. KELLY, JR. ET AL.*[1]

JACK B. SCHMETTERER,
Bankruptcy Judge.

The subject motions and this Adversary proceeding relate to the bankruptcy case of HA2003 Liquidating Trust ("Plaintiff Trust"), successor to HA–LO Industries, Inc. ("HA–LO" or "Debtor") under its confirmed Chapter 11 Bankruptcy Plan.[1] The Adversarial Complaint and related Third–Party Complaint involve HA–LO's purchase of a company called Starbelly.com ("Starbelly"). HA–LO filed this Adversarial Complaint seeking to recover stock and cash that it paid to purchase Starbelly. Certain Defendants filed a jury demand. Defendants/Third–Party Plaintiffs J.P. Morgan Partners (SBIC) LLC, et al. ("Third–Party Plaintiffs") filed a Third–Party Complaint seeking indemnification from HA–LO officers and directors for alleged fraud in connection with the Starbelly sale. The Plaintiff Trust and Third–Party Plaintiffs have each moved to strike the jury demands filed by Defendants and Third–Party Defendants. It was earlier announced from the bench that Plaintiff's motion will be allowed, and this Opinion sets forth the reasons.

For reasons stated herein, the motion of the Plaintiff Trust to strike jury demands of Defendants and to foreclose any further jury demands will be granted by separate order. However, because question is presented as to jurisdiction over Third–Party Complaint, the motion to strike jury demands of Third–Party Defendants cannot be decided until the jurisdictional issue is resolved.

## BACKGROUND AND PROCEDURAL HISTORY

On June 30, 2001, the debtor HA–LO and certain of its subsidiaries sought relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, et seq.

### Complaint

On October 22, 2002, HA–LO filed this Adversary proceeding alleging that it did not receive reasonably equivalent value for the purchase price of Starbelly.com. HA–LO alleges that it paid $240 million in cash and marketable stock and seeks to avoid and recover a portion of the stock and cash under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 et seq. and 11 U.S.C. § 544(b) from recipients of that transaction.

On June 29, 2004, an Order was entered in the related bankruptcy case confirming a Plan of Liquidation ("Plan"). The Plan established a liquidation trust, HA2003 Liquidating Trust ("Trust") to liquidate the assets and property of the Debtor. Pursuant to the Plan, the Trust became the Plaintiff herein. (*See* Second Am. Plan of Reorganization & Order Confirming Second Am. Plan of Reorganization.)

In Answer to the Complaint herein, Defendants Carramore Limited, an Isle of Man Corporation ("Carramore"), Mohanbir Sawheny ("Sawheny"), Delphic Financial Holdings, Ltd. ("Delphic"), GCWF Investment Partners ("GCWF"), Thomas Furlong ("Furlong"), Thaddeus G. Stephens ("Stephens"), Silicon Valley Bank ("SVB") each asserted a demand for jury trial. (Pl.'s Mot. Ex. 5–8.)

---

**1.** This Adversary was reassigned from Judge Doyle to Judge Schmetterer on May 24, 2004.

Defendants Carramore, Thomas Bindley/Revocable Trust ("Bindley"), Furlong and Catherine Jaros ("Jaros") also filed their proof of claims in the bankruptcy case, seeking to redeem the HA–LO stock they received in the Starbelly.com transaction (Pl.'s Mot. Ex. 1–4.), thereby posing issues integrally related to Plaintiffs' Complaint which seeks to recover that same stock.

On December 16, 2004 and March 11, 2005 Agreed Orders were entered dismissing with prejudice Defendants GCWF, SVB, Furlong, Stephens, Jaros, Sawhney, and Delphic. Three Defendants remain, Carramore, Zebra Investments LP., and Bindley. The Plaintiff Trust now moves to strike Carramore's jury demand which was filed on March 12, 2004. Although Zebra and Bindley did not file a jury demand, Plaintiff Trust argues and moves for ruling that Bindley has forfeited its right to jury trial by delaying in seeking trial in the District Court and by filing a proof of claim and intentionally to bar Zebra because of similar delay. None of the Defendants have moved the District Court to withdraw the reference as to this Adversary proceeding.

By Final Pretrial Order entered on November 16, 2004, this Adversary proceeding has been set for trial on designated dates over the entire months of November and December 2005.

### Third–Party Complaint

On April 28, 2003, Defendants and Third–Party Plaintiffs, J.P. Morgan Partners (SBIC) LLC, f/k/a Chase Venture Capital Associates, L.P., et al. filed Third–Party Complaint alleging that HA–LO officers and directors committed federal securities fraud, common law fraud and negligent misrepresentation in connection with the Starbelly sale. (Third–Party Compl ¶ 2.) These Third–Party pleadings were severed from trial of Plaintiff Trust's Complaint but remain pending in the bankruptcy court. (*See* Order, November 16, 2004.) That severance order was entered because jury demands were pending therein and parties demanding jury trial did not consent to jury trial here, therefore the Third–Party actions could not be tried here along with trial of the Complaint.

The Third–Party Complaint named John R. Kelly, Jr. ("Kelly"), Gregory J. Kilrea ("Kilrea"), Marshall J. Katz ("Katz"), Linden D. Nelson ("Nelson"), and Lou Weisbach ("Weisbach") as Third–Party Defendants (collectively "Third–Party Defendants").

Kelly, Kilrea, Weisbach filed jury demands by separate motions on July 24, 2003 and Nelson filed a jury demand by separate motion on August 1, 2003. (Third–Party's Mot. Ex. A–D.) Third–Party Defendant Katz did not file a jury demand.

On March 1, 2004, Third–Party Defendants Kilrea, Nelson, and Weisbach, filed timely proofs of claim in the bankruptcy case seeking contractual indemnification from the Debtor for any liabilities found to arise from their service as the Debtor's officers and directors. While they thereby seek protection from possible results of the pending Third–Party actions against them, (Third–Party Pl.'s Mot. Ex. E–G), the factual legal claim issues appear separate from the basis for liability asserted in the Third–Party Complaint here.

Third–Party Defendant Kelly moved on October 28, 2004, that a District Judge withdraw the reference under 28 U.S.C. § 157(d) so he would obtain a jury trial before that Judge. That motion was denied and dismissed with prejudice by the District Judge as being untimely. (Third–Party Pl.'s Mot. Ex. K, Order of Judge R. Castillo, December 12, 2004.) Kelly has sought certification to enable his appeal of

the District Judge's order. No other Third–Party Defendant has moved to withdraw the references.

Third–Party Plaintiffs now move here to strike the jury demands of the Third–Party Defendants Kelly, Kilrea, Nelson, and Weisbach.

### DISCUSSION

■ The Constitution's Seventh Amendment right to a jury trial is preserved in a bankruptcy proceeding unless waived. Parties may choose a jury trial in the bankruptcy court or district court. Parties who desire a jury trial in the District Court may move to withdraw the reference pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr.P. 5011. If they desire a jury trial in bankruptcy court in this District, 28 U.S.C. § 157(e), under Local Rule N.D. Ill. R. Br.9015.1(b) consent is required of all parties to the action. None of the Defendants subject to this motion consent to a jury trial in this forum. *See* Fed. R. Bankr.P. 9015(b) (requiring the parties to jointly or separately file a statement of consent if they accede to or desire a jury trial before a bankruptcy judge).

■ A party demanding trial by jury must comply with the Rules of Civil and Bankruptcy Procedure in order to perfect their right to jury trial. *See* Fed.R.Civ.P. 38; Fed. R. Bankr.P. 9015. The moving parties argue that the parties demanding a jury trial here have not complied with those rules. Third–Party Plaintiffs assert that Third–Party Defendant Nelson's jury demand was late and therefore untimely under Fed.R.Civ.P. 38 and was therefore waived. Third–Party Pl.'s Mot. ¶ 5. Third–Party Defendant's respond that the Third–Party Plaintiffs waived any right to strike their jury demands because they did not comply with the twenty-day requirement of Fed.R.Civ.P. 12(f). (Rule 7012 Fed. R. Bankr.P.) Third–Party Def.'s Resp. at 4.

Those two issues must be decided before reaching merits of the motion to strike.

### *Third–Party Defendant Nelson's Jury Demand was filed untimely but it was not waived thereby*

■ Fed.R.Civ.P. 38, incorporated herein by Fed. R. Bankr.P. 9015, requires that a party must "demand a trial by jury of any issue triable of right by a jury ... in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue[.]" Fed.R.Civ.P. 38(b). "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." *Id.* at 38(d). The last pleading in this case was Third–Party Defendant Weisbach's answer, filed July 7, 2003. Nelson filed his jury demand August 1, three weeks after the ten-day limit in Rule 38 had expired.

■ A delay in requesting a jury trial may be excused under Fed.R.Civ.P. 39. (incorporated herein by Rule 9015 Fed. R.Bankr.P.) ("notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.") A Seventh Circuit panel has described a court's discretion under Rule 39 as follows:

> "Discretion implies the power to say no, but when deciding whether to grant or deny such a motion a judge is entitled to consider all circumstances ... that may have contributed to the delay. Rule 39(b) does not require litigants to surmount a hurdle such as 'excusable neglect'; it is an open-ended grant of discretion, and relief under this rule cannot sensibly be limited to the blind."

*Members v. Paige,* 140 F.3d 699, 703 (7th Cir.1998). In exercising discretion, five factors should be considered and balanced: (1) whether the issues involved are appropriately tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of the delay; and (5) the reason for the moving party's tardiness in demanding a jury trial. *Ward v. Delaney,* No. 01 C 3074, 2003 U.S. Dist. LEXIS 10209, at *2–3 (N.D. Ill. June 12, 2003).

Although Nelson has not proffered an explanation for his short delay in filing, the balance of factors weigh in favor of preserving Nelson's right to a jury trial. The issues in dispute between Nelson and the Third–Party Plaintiffs—securities fraud, common law fraud, and negligent misrepresentation—are all nonbankruptcy issues where historically a right to trial by jury exists. In addition, this jury demand was filed well before trial. Indeed, the late jury demand was filed before the close of discovery on a date set some months later. Further, the Third–Party Plaintiffs have not explained or demonstrated how they would be prejudiced by Nelson's late jury demand. Discretion is therefore exercised to hold that Nelson did not waive his right to file a jury demand by filing it late.

**Third–Party Plaintiffs did not waive their right to seek the striking of Third–Party Defendant's jury demands**

■ Any party may file a jury demand in a pleading or other writing. Fed. R.Civ.P. 38. The Third–Party Defendants filed a jury demand by separate motions on July 24, 2003 and August 1, 2003. The instant motion to strike was filed on December 30, 2004. The Third–Party Defendants contend that the Third–Party Plaintiffs waived their right to move to strike those jury demands because the Third–Party Plaintiffs failed to comply with the twenty-day requirement of Fed.R.Civ.P. 12(f) [incorporated into Rule 7012 Fed. R. Bank. P.] Rule 12(f) provides in pertinent part:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

On its face, Rule 12(f) does not appear to apply to a motion to strike jury demand which is not part of a defense or answer, not filed as part of a motion to dismiss, and is not appropriately considered "redundant, immaterial, impertinent, or scandalous." Moreover, Rule 12 expressly states that a motion to strike must be made before responding to a "pleading" or within twenty days after service of a "pleading" to which no responsive pleading is permitted. "Pleadings" are those matters described in Rule 7(a)—complaint, answer, reply to a counterclaim, answer to a cross-claim, Third–Party Complaint or third-party answer. *See* Fed.R.Civ.P. 7(a) [incorporated into Rule 7007, Fed. R. Bank. P.]. Third–Party Defendants filed their jury demand by motion, not as part of their answers, so it can be argued that Rule 12(f) cannot apply to their jury demand motions. *See, e.g. Pilgrim v. Trustees of Tufts College,* 118 F.3d 864, 868 (1st Cir.1997) (holding that Rule 12(f) does not apply to summary judgment motions).

■ But even assuming *arguendo* that Rule 12(f) were applicable here, a court has discretion to consider a motion to strike even though it was not made within the time limits of Rule 12(f). Rule 12(f) also authorizes a court to act "upon the

court's initiative at any time." This grant of judicial discretion "has been interpreted to allow the court to consider untimely motions to strike and to grant them if doing so seems proper.... In light of this, the time limitations in Rule 12(f) should not be applied strictly when the motion seems to have merit." 5C Charles Alan Wright & Arthur A. Miller, *Federal Practice and Procedure* § 1380, at 652–54 (2d ed.1990); *See also United States v. Lot 65 Pine Meadow*, 976 F.2d 1155, 1157 (8th Cir.1992) (explaining that even if untimely, a court may grant a 12(f) motion to strike if doing so seems proper); *Heller Int'l Corp. v. Sharp*, No. 85 C 3381, 1994 WL 386421, **1–2, 1994 U.S. Dist. LEXIS 9909, at *2–3 (N.D.Ill. July 19, 1994) (same); *MZ Ventures, L.L.C. v. Mitsubishi Motor Sales of Am., Inc.*, No. CV 99–02395 DDP (AIJx), 1999 WL 33597219, **14–15, 1999 U.S. Dist. LEXIS 14421, at *43–44 (C.D.Cal. August 30, 1999) (holding that although Defendant did not comply with Rule 12(f) the Court would nonetheless consider Defendant's motion to strike jury demand on its merits.); *Go–Tane Service Stations, Inc. v. Ashland Oil, Inc.*, 508 F.Supp. 200, 201–202 n. 2 (N.D.Ill.1981); and *Lunsford v. United States*, 570 F.2d 221, 227 n. 11 (8th Cir.1977).

This Adversary has been set for trial in the fall of this year, and it is necessary to determine whether any party has properly asserted or waived its right to a jury trial. Therefore, discretion will be exercised in favor of considering the Third–Party Plaintiff's motion on its merits in ample time for the parties to prepare for whatever trial may be held here.

### Waiver of right to a jury trial may result from failing to move timely to withdraw the reference

The jury demands of Defendant Carramore and Third–Party Defendants were filed at least 14 months ago, they have not consented to jury trial before this court and except for Kelly have never moved to withdraw reference even when final order was entered six months ago scheduling a long Adversary trial later this year.

■■■ A party may waive its right to a jury trial by failing to move timely to withdraw the reference. *Stainer v. Latimer (In re Latimer)*, 918 F.2d 136 (10th Cir.1990). If a jury demand has been asserted, and at least one of the parties refuses to consent to the conduct of the jury trial, the bankruptcy court can no longer conduct a trial of the matter. *Blackwell v. Deloitte & Touche, LLP (In re Blackwell)*, 279 B.R. 818, 820 (Bankr. W.D.Tex.2002). A bankruptcy court cannot *sua sponte* transfer the matter to district court and only the district court is empowered to withdraw the reference. As the *Blackwell* opinion concluded:

> Both the statute and the rules contemplate the party who desires (and needs) withdrawal to affirmatively seek it by motion to the district court. (Citations omitted) If neither party timely takes this additional step (the essential last step to assure that one gets the jury trial they desire before the tribunal they prefer), then that failure can only be construed as a waiver of the party's right to a jury trial.

*Blackwell*, 279 B.R. at 820. This Adversary was filed on October 22, 2002 and the Third–Party Complaint on April 28, 2003. Jury demands have been pending over a year. Only one party, Third–Party Defendant Kelly, even tried to withdraw the reference as to him, and the District Judge declined to allow that because the motion was deemed untimely. The remaining Defendants explain their reticence by stating that they did not view a motion to withdraw the reference as ripe until the case is ready for trial, relying on holdings of *ABC–NACO Inc. v. Klos Trucking Inc.*,

2004 WL 728190, at *1 (N.D.Ill. Mar.31, 2004); and *In re Pro–Pak Svcs., Inc.,* 2002 WL 31915808, at *1 (N.D.Ill.Dec.31, 2002). (Def.'s Resp. at 5–7; Resp. Third–Party Def.'s at 7–8.)

However, those cases did not provide a bright-line standard and are factually distinguishable. The holdings therein were that motions to withdraw reference were premature because the cases were not ready for trial and a strong likelihood existed that the cases would not go to trial. *See Pro–Pak,* 2002 WL 31915808, at *3 ("[defendant] should renew her motion [to withdraw the reference] when and if the case is ready for trial.") However, a long trial in this Adversary proceeding was scheduled six months ago to be held in November and December of this year. Several pre-trial issues have been adjudicated, discovery closed May 5, 2005 and a pretrial status conference to enter stipulations is scheduled for June 16, 2005.

Even if those cases were not distinguished, it is inappropriate to follow their reasoning. Acceptance of the Defendants' and Third–Party Defendants' position would give parties an incentive not to move to withdraw the reference until long after trials are scheduled, and then to wait to the eve of trial, effectively causing Adversary proceedings to languish in the bankruptcy court and preventing firm scheduling of trial dates. It would mean that after the bankruptcy judge and the other parties block out trial time, a party could thwart all scheduling by moving to withdraw reference on the eve of trial. *See also Blackwell,* 279 B.R. at 820 (explaining that rewarding a party for failing to withdraw the reference discourages parties from pursuing the very course plotted out by Congress, to impose on the parties the affirmative duty to seek withdrawal of the reference.) Parties may not be allowed to benefit and control the litigation by their laxity, and may thereby waive their right to a jury trial.

■ Finally, parties like Zebra and Bindley who never filed a jury demand let alone sought to remove trial to the District Court have also waived any right to jury trial.

### Third–Party Defendant Kelly

Kelly filed his Jury Demand on July 24, 2003, and moved on October 28, 2004 to withdraw the reference. The District Court denied the motion with prejudice, concluding that the motion was untimely and not "in the interests of justice." As a result, unless Kelly mounts a successful appeal, he remains subject to this Court's jurisdiction. His motion to withdraw reference can be deemed untimely as the District Judge ruled, and based on authority cited for other parties, Kelly's Jury Demand can be deemed waived for failure to seek removal sooner.

### Parties who file claims against the bankruptcy estate may thereby waive any right to jury trial

■ Plaintiff Trust and Third–Party Plaintiffs assert that Defendants and Third–Party Defendants waived their right to a jury trial by submitting their claims against the Debtor. Those claims each seek a piece of the bankruptcy estate. Assuming *arguendo* that they would be entitled to jury trials on those claims outside of bankruptcy, the claims filed in bankruptcy lose any right to jury trial. When a creditor has submitted a claim against the bankruptcy estate, it is not entitled to a jury trial on that claim. *Langenkamp v. C.A. Culp,* 498 U.S. 42, 45, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (per curiam); *Granfinanciera, S.A v. Nordberg,* 492 U.S. 33, 58–59, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *In re Peachtree Lane Assoc.,* 150 F.3d 788, 798 (7th Cir.1998). *Granfinanciera,* held that:

"By filing a claim against the bankruptcy estate the creditor triggers the process of allowance and disallowance of claims thereby subjecting itself to the bankruptcy court's equitable powers. If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims allowance process, which is triable only in equity. In other words, the creditor's claim and the ensuring preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction." *Langenkamp*, 498 U.S. at 44–45, 111 S.Ct. 330.

The nature of respective subject matters of adversary litigation and claims do not control the outcome. The filings of any claim against the estate makes any litigation against the claimant "part of the claims allowance process" *Id.* at 348.

Defendants Carramore and Bindley and Third–Party Defendants Kilrea, Nelson, and Weisbach each filed a proof of claim in the bankruptcy case.

In its proof of claim, Defendant Carramore alleges that upon HA–LO's purchase of Starbelly, it received 268,363 HA–LO shares. Carramore seeks in that claim to redeem its shares and also alleges that it is owed approximately $2.6 million. (Pl.'s Mot. Ex. 1) Defendant Bindley's proof of claim also seeks to redeem shares it received from the Starbelly transaction. Bindley states that it is owed $212,360. (Pl.'s Mot. Ex. 2) These claims are thereby integrally related to the relief sought against them by Plaintiff's suit to recover the same stock.

 Kilrea's proof of claim alleges that HA–LO is contractually obligated to indemnify him for all expenses, liabilities, losses, and judgments incurred in connection with any cause of action arising from his duties as HA–LO's officer. Kilrea states that he is a defendant in this Adversary as well as in a putative class action that alleges fraud in the sale of HA–LO securities currently pending in the District Court for the Northern District of Illinois.

Both Nelson's and Weisbach's proofs of claim also allege that HA–LO is contractually obligated to indemnity them for all liabilities, losses, and judgments incurred in connection with any cause of action arising from his duties as HA–LO's officers and directors. (Third–Party's Mot. Ex. F–G).

All of those claims by the Third–Party Defendants effectively seek redress for any recovery against them in this proceeding by the Third–Party Plaintiffs or recovery in any other proceeding.

Third–Party Defendants Kilrea, Nelson, and Weisbach, concede that they have filed claims against the bankruptcy estate, but argue that since they are parties to a Third–Party Complaint involving nondebtors and that jurisdiction herein lies under "related to" issues their right to a jury trial remains. They cite *In re Resource Tech. Corp.*, No. 03 C 575, 2004 WL 419918 (N.D.Ill. Feb.13, 2004); *Davis, Jr. v. The Griffin Co. (In re Resorts Int'l)*, 128 B.R. 78 (Bankr.D.N.J.1990); and *In re Harrah's Entertainment Inc.*, No. 95–3925, 1996 WL 684463 (E.D.La. Nov.26, 1996) for the proposition that filing proof of claim in a debtor's bankruptcy case does not affect claimant's right to a jury trial in an Adversary proceeding involving nondebtors. (Resp. Third–Party Def.'s at 9.)

In *Resource Tech. Corp.*, two nondebtors, National Seal Corp. ("NSC") and Greenblatt filed proofs of claims in the bankruptcy case. NSC requested that the bankruptcy judge abstain so it could pursue its claims against the debtor and Greenblatt in state court. In affirming the bankruptcy judge's decision to abstain, a

District Court opinion held that a party does not give up its right to a jury trial on claims made against it by other claimants in a non-bankruptcy proceeding. *Id.* at *5.

*Resource Tech. Corp.* may be distinguishable. This Adversary, including the Third–Party Complaints, are asserted to be subject to this Court's core and or at least related jurisdiction. Unlike *Resource Tech. Corp.* there is no proceeding pending in an outside forum and no abstention issue was presented. *Harrah's Entertainment, Inc.* may be distinguishable on the same basis. That case addressed a motion to refer a matter to the bankruptcy court involving nondebtors, but the bankruptcy court did not have jurisdiction over the nondebtor matter. Finally, *Resorts Int'l* is inapplicable to this issue. The parties in that action never asserted a claim against the bankruptcy estate.

Defendants Carramore, Bindley and Third–Party Defendants filed claims in the related HA–LO bankruptcy case. They seek to share in the liquidation of the Debtor's estate thereby invoking the bankruptcy court's equitable jurisdiction over any issue in the litigation as to which jurisdiction lies here. If jurisdiction does in fact lie here for the Third–Party Complaint, the moving parties could not disregard the consequences of that choice. The general principles of *Langenkamp* and *Granfinanciera* would then be clear. By filing proofs of claims these parties would have waived their right to a jury trial in the litigation.

But the foregoing discussion as to jury demands by Third–Party Defendants assumes *arguendo* that the court has at least "related to" jurisdiction over the Third–Party Complaints against them. That may not be the case.

### Does Jurisdiction lie as to the Third–Party Complaints?

Although parties have not until a motion just filed contested jurisdiction, the issue may be raised *sua sponte* at any point in the proceedings. Indeed, it is the responsibility of any federal court to be assured of its jurisdiction. *Jackson v. Consolidated Rail Corp.,* 717 F.2d 1045, 1055 (7th Cir.1983), *cert. denied,* 465 U.S. 1007, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984).

Bankruptcy court jurisdiction extends to all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. 28 U.S.C. § 1334(b). A proceeding which does not arise under Title 11 or does not arise in or is not related to a case under Title 11 may not be heard or determined by a bankruptcy judge.

The Third–Party Plaintiffs assert that "related to" jurisdiction exists over the state law claims of common law fraud and negligent misrepresentation and the federal claim of securities violations plead against the Third–Party Defendants.

"Related to" jurisdiction describes proceedings which directly affect the amount of property available for distribution or the allocation of property among creditors. *Zerand–Bernal Group, Inc. v. Cox,* 23 F.3d 159, 162 (7th. Cir.1994). *See also In re Xonics, Inc.,* 813 F.2d 127, 133 (7th Cir.1987).

All claims pleaded by the Third–Party Plaintiffs arise under nonbankruptcy law, and the outcome of those claims do not appear to impact the administration of the estate except contingently and indirectly. If the Third–Party Plaintiffs prevail, they will recover from the Third–Party Defendants, not from the Debtor or Plaintiff Trust. The Third–Party Defendants, in turn, assert a contractual right to indemnification against the Debtor which is the basis for their claims against the bankruptcy estate. There is no contractual basis for indemnification asserted in the Third–Party pleadings. But even if there

were, an indemnification agreement does not automatically create "related to" jurisdiction. *See Schwinn Cycling & Fitness, Inc v. Benonis (In re Schwinn Bicycle Co.),* 210 B.R. 747 (Bankr.N.D.Ill.1997) (Schmetterer, J.).

Seventh Circuit precedent at least raises a question whether the potential indirect consequence of successful Third–Party actions here and then possible successful claims filed by Third–Party Defendants bring the actions in this Adversary under "related to" jurisdiction. Since the Third–Party Complaint invites such questions about this Court's jurisdiction, that raises a question whether any ruling should be issued on the motion to strike Third–Party jury demands. If jurisdiction is lacking over the Third–Party Complaint, then it will follow that jurisdiction is lacking over the jury demands and motions to strike them.

As a result, ruling on the Third–Party Plaintiff's present motion is deferred until the jurisdictional issue is resolved. The Third–Party Plaintiffs and Third–Party Defendants will by separate order be directed to file briefs on this issue.

### CONCLUSION

For the reasons stated above, the motions of Plaintiff Trust to strike Defendants' jury demands will be granted by separate order, but decision on the jury demands of Third–Party Defendants is deferred until the jurisdictional question is decided.